OPINION OF THE COURT
Lee L. Holzman, J.
Movant seeks pursuant to CPLR 2221 reargument of a prior determination of this court embodied in a decree entered on April 22, 1988 which granted the administrator’s motion for summary judgment dismissing movant’s petition to revoke the letters of administration which had issued to him and denied movant’s cross motion for summary judgment. The underlying issue is whether movant, who was adopted as an infant in this jurisdiction by decedent and his then wife and subsequently *523 adopted for a second time when she was an adult in California by her adoptive mother’s second husband, is a distributee of decedent who died on December 11, 1986. This court previously determined that she was not a distributee (Matter of D'Angelo, 139 Misc 2d 5).
In the prior application, movant had not rested any of her arguments upon the recent amendment to section 117 of the Domestic Relations Law with regard to the rights of adoptive children to intestate succession from and through their natural parents (Domestic Relations Law § 117 [1] [e]). Therefore, the court did not consider the possible pertinency of the above statutory provision in its determination of the earlier applications. Accordingly, the application for reargument is granted in order that the court might consider movant’s arguments with respect to the above amendment.
Section 117 (1) (e) (1), (2) of the Domestic Relations Law provides that the right of the adoptive child to inheritance and succession from and through his natural parents shall not terminate upon the entry of an order of adoption if "decedent is the adoptive child’s natural grandparent or is a descendant of such grandparent,” and the "adoptive parent (i) is married to the child’s natural parent, (ii) is the child’s natural grandparent, or (iii) is descended from such grandparent” (L 1987, ch 499, § 1). Although movant contends that the above provision applies to this proceeding, the statute itself explicitly provides that it applies only to the estates of persons dying after August 31, 1987 (Domestic Relations Law § 117 [1] [e]). This provision was afforded prospective effect for fear that a retroactive application would suffer from the constitutional infirmity of the deprivation of a vested property right. Decedent died on December 11, 1986, more than eight months prior to the effective date of the amendment upon which she now relies. Accordingly, upon this basis alone, the recent amendment to section 117 of the Domestic Relations Law would be of no solace to movant.
Moreover, even had decedent died after the effective date of the present provisions of Domestic Relations Law § 117 (1) (e), movant would still not have any inheritance rights from decedent. The 1985 decision of the Court of Appeals in Matter of Best (66 NY2d 151, rearg denied 66 NY2d 1036, cert denied sub nom. McCollum v Reid, 475 US 1083) enunciated that the public policy of New York as of the date of that decision was for the complete assimilation of adoptees into their new families and a total severance from their biological families. *524 Based upon this public policy, as expressed in the then-existing statutes, the court concluded that an adopted child not only had no right to an intestate share from or through his former biological parent, but also had no right to share in a testamentary class gift to issue from his biological maternal grandmother unless the will specifically named the adopted-away child or defined "issue” as including adopted-away children. Many were of the opinion that there should be a slight liberalization of both the testate and intestate rights of adopted children relative to their biological families in those situations either where one biological parent remained the parent after the adoption (an adoption occurring after the death of one biological parent or the divorce of the biological parents) or where the adoptive parent was biologically related to the adoptee and the one from whom the child was inheriting was his biological grandparent or a descendent of such grandparents. This resulted, first, in the enactment of the present provisions of Domestic Relations Law § 117 (2) pertaining to wills (L 1986, ch 408) and in the passage during the following year of Domestic Relations Law § 117 (1) (e) pertaining to intestate succession.
In this case, decedent was not movant’s natural grandparent or a descendent of such grandparent but her former adoptive father. Consequently, she does not come within the ambit of the provisions of Domestic Relations Law § 117 (1) (e) (1). The present statutory framework on this subject simply does not go so far as to provide that adoptees may inherit from or through each adoptive parent that they might have had regardless of how many times they have been adopted thereafter.
Accordingly, after reconsideration, the court adheres to its original determination and the motion to vacate the decree entered on April 22, 1988 is denied.